Case 1:13-cv-02422-SLT-RER Document 1   Filed 04/22/13   Page 1 of 11 PageID #: 1

SUMMONS ISSUED

FILED
IN CLERK'S OFFICE
US DISTRICT COURT EDNY

★ APR 22 2013 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

KISHA KETTRLES on behalf of herself and
all other similarly situated consumers

                Plaintiff,

-against-

DAVID H. MEYROWITZ AND
SIMON MEYROWITZ & MEYROWITZ, P.C.

                Defendants.

---

CV-13 2422

TOWNES, J.

REYES, JR, M.

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Kisha Kettrles seeks redress for the illegal practices of David H. Meyrowitz and Simon Meyrowitz & Meyrowitz, P.C. in which they unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendants sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within New York, New York.

6. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendants are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### *Allegations Particular to Kisha Kettrles*

10. Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about April 3, 2013, Defendants sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

12. Said letter states in pertinent part as follows: "Before proceeding further against you, we are affording you an opportunity to call our office and make arrangements for payment of the same.  In the event we do not hear from you forthwith, we have been instructed by our client to commence legal action without further notice to you."

13. Said language is a threat to take unintended legal action.

14. Upon information and belief, the Defendants did not have authorization at the time of

the sending of the letter to commence legal action.

15. Defendants violated §1692e(5) of the FDCPA by threatening to take action against Plaintiff even though Defendants have not and do not intend to take such action.

16. In addition, the said April 5, 2013 letter communicates to the least sophisticated consumer that the communication came from a law firm in a practical sense violating Section 1692e(3).

Reade-Alvarez v. Eltman, Eltman & Cooper, P.C., 369 F. Supp. 2d 353, 2005 U.S. Dist. LEXIS 8472 (E.D.N.Y. 2005). (computer generated "mass mailing" of tax season settlement letter on a law firm letterhead lacking any disclaimer and without an attorney conducting any meaningful review states a claim for relief under Section 1692e(3).), Suquilanda v. Cohen & Slamowitz, LLP, 2011 U.S. Dist. LEXIS 102727 (S.D.N.Y. Sept. 7, 2011) (Same), Cordes v. Frederick J. Hanna & Assocs., P.C., 789 F. Supp. 2d 1173, 2011 U.S. Dist. LEXIS 61222 (D. Minn. 2011) (same)

The FDCPA prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. It enumerates a non-exhaustive list of sixteen debt-collection practices that run afoul of this proscription, including "the false representation or implication that [a] communication is from an attorney." Id. § 1692e(3).

The Second circuit has held that a debt-collection letter from a law firm or lawyer violates Section 1692e(3) if an attorney was not "directly and personally involved" with the debtor's account — such as by reviewing the debtor's file — before the letter was sent. Clomon v. Jackson., 988 F.2d 1314, 1320-21 (2d Cir. 1993), See, e.g., Taylor v.

Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1237-38 (5th Cir. 1997), Avila v. Rubin, 84 F.3d 222, 229 (7th Cir. 1996), Martsolf v. JBC Legal Grp., P.C., No. 1:04-CV-1346, 2008 WL 275719, at *7 (M.D. Pa. Jan. 30, 2008), Sonmore v. Checkrite Recovery Servs., Inc., 187 F. Supp. 2d 1128, 1133 (D. Minn. 2001) (Alsop, J.), See also Suquilanda v. Cohen & Slamowitz LLP., No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011). ("Absent any disclaimer and without an attorney conducting any meaningful review, using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3)." The Second Circuit confronted similar facts in Clomon. There, the attorney Defendant approved the form of dunning letters sent by a collection agency and also "approved the procedures according to which th[e] letters were sent."988 F.2d at 1317. He did not have any specific involvement with each debtor's account, however, such as reviewing the debtor's file or the particular letter being mailed. Id. The Second Circuit concluded that the challenged letters, despite bearing the Defendant attorney's signature, violated Section 15 U.S.C. 1692e(3) because, although literally "from" an attorney, they "were not `from' [him] in any meaningful sense of that word." Id. at 1320; accord, e.g., Avila, 84 F.3d at 229. The same result is obtained here.

17. Although David H. Meyrowitz and Simon Meyrowitz & Meyrowitz, P.C. may technically be a law firm, it was not acting in the capacity of a law firm with respect to the said letters. The inclusion of the words **"We are the attorneys for the New York City Housing Authority"** is therefore materially deceptive and misleading in that it communicates to the least sophisticated consumer that the communication came from a law firm in a practical sense, when it did not.

-4-

18. If David H. Meyrowitz and Simon Meyrowitz & Meyrowitz, P.C. desires to take advantage of the additional collection leverage provided by the use of a law firm's name in connection with purely debt-collection related activities, it is free to do so under the law of the Second Circuit so long as its each and every one of its standardized communications including letters and voice mail messages do not give the least sophisticated consumer the impression that the communications are from an attorney or law firm in the practical sense.
See e.g. Clomon v Jackson, 988 F2d 1314, 1320 (2d Cir. 1993), See e.g. Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009). ("Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the 'price of poker has gone up."), See also Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293 (E.D.N.Y.2005). (The court found that the collector's letter with text on the front and back regarding attorney involvement was confusing to the least sophisticated consumer and violated § 1692e.), Suquilanda v. Cohen & Slamowitz, LLP No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011). ("Absent any disclaimer and without an attorney conducting any meaningful review, Using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3)".)

19. The Defendant printed and mailed, or caused to be printed and mailed, a letter to Plaintiff in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due an original creditor other than Defendant and which Defendant acquired after such obligation or alleged obligation was charged-off or was in default. A true and correct copy of Defendant's communication is attached

Case 1:13-cv-02422-SLT-RER   Document 1   Filed 04/22/13   Page 6 of 11 PageID #: 6

hereto.

20. Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to Plaintiff.

21. Defendant mails, or causes the mailing of, thousands of collection letters like the one sent Plaintiff without conducting any meaningful review of the accounts.

22. The letters the Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

23. The said letter is a standardized form letter.

24. Defendant violated 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10) for indicating that the communication came from a law firm in a practical sense and for failing to qualify that the debt had not been reviewed by an attorney.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendants.*

25. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twenty four (24) as if set forth fully in this cause of action.

26. This cause of action is brought on behalf of Plaintiff and the members of two classes.

27. Class A consists of all persons whom Defendants' records reflect resided in the State of New York and who were sent a collection letter by David H. Meyrowitz and Simon Meyrowitz & Meyrowitz, P.C.; (a) bearing the Defendants' letterhead in substantially

the same form as the letter sent to the Plaintiff on or about April 3, 2013; (b) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to FARRAGUT; and (c) the collection letter was not returned by the postal service as undelivered; and (d) the Defendants threatened to take any action that cannot legally be taken or that is not intended to be taken by Defendants in violation of 15 U.S.C. § 1692e(5).

28. Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who received collection letters from Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the collection letter was sent to a consumer seeking payment of a consumer debt; and (b) that the collection letter used an attorney letter head which represented that the letter was sent from a law firm in a practical sense but which failed to qualify that the debt had not been reviewed by an attorney (c) the letter was sent concerning the seeking payment of an alleged debt and was not returned or undelivered by the post office; and (d) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10).

29. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (a) Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    (b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The

       principal question presented by this claim is whether the Defendants violated the FDCPA.

    (c) The only individual issue involves the identification of the consumers who received such collection letters (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendants.

    (d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

    (e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

30. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

31. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

32. Collection attempts, such as those made by the Defendants are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

33. The Defendants' actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

34. Because the Defendants violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendants and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); And

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
April 18, 2013

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)

SIMON MEYROWITZ & MEYROWITZ, P.C.
470 PARK AVENUE SOUTH, 12th Floor South
NEW YORK, NY 10016
NYC Dept. of Consumer Affairs, Lic# 1347676
(646) 484-6609

April 05, 2013

KISHA KETTRLES
45 CLERMONT AVENUE, #3G
BROOKLYN, NY 11205

Our File No. HAB-35422
Amount of claim $693.73
FARRAGUT

Dear Sir or Madam:

We are the attorneys for the New York City Housing Authority who has turned over to our office for collection a claim against you in the above sum arising out of your tenancy at the above premises.

Before proceeding further against you, we are affording you an opportunity to call our office and make arrangements for payment of the same.

Unless you notify us within thirty (30) days after receipt of this letter that the validity of the debt or any portion of it is disputed, we will assume that the debt is valid. If you notify us in writing of the dispute, we will obtain verification of the debt, or a copy of a judgment against you for this debt, if any, and mail it to you. Further, upon your written request within thirty (30) days of receipt of this letter, we will provide you with the name and address of the original creditor, if it is different from the current creditor.

In the event we do not hear from you forthwith, we have been instructed by our client to commence legal action without further notice to you.

This letter is an attempt to collect a debt, and any information obtained will be used for that purpose. This communication is from a debt collector.

Very truly yours,

David H Meyrowitz, Esq.
SIMON MEYROWITZ & MEYROWITZ, P.C.

P.S. Please note all checks or money orders should be made payable to SIMON MEYROWITZ & MEYROWITZ, P.C. and should include our file number (which is HAB-35422) in order to insure proper credit.